IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3: 23-cr-30009-DWD |
| | ) |
| **DARLENE L. ROGERS,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER ACCEPTING GUILTY PLEA AND
## FOR PRESENTENCE PROCEDURE

**DUGAN, District Judge:**

Having filed a written consent, the parties appeared before United States Magistrate Judge Gilbert C. Sison for a change of plea hearing for Defendant, Darlene L. Rogers, under 28 U.S.C. § 636 and Local Rule 72.1(b)(2). (Doc. 5). Under Federal Rule of Criminal Procedure 11, the change of plea hearing was held on January 23, 2023. (Doc. 4). During the change of plea hearing and after a colloquy with Judge Sison, Defendant pled guilty to the sole charge in the Information, specifically, the charge that Defendant "did embezzle, steal, and knowingly convert to her own use money that belonged to the United States, namely $128,656 in Social Security payments that were intended for defendant's mother." (Doc. 2).[1] Judge Sison then issued a Report and Recommendation (Doc. 11), recommending that the Court accept Defendant's guilty plea, find her guilty, and direct the U.S. Probation Office to prepare a presentence investigation report.

---

[1] Defendant filed a Waiver of Indictment (Doc. 1), which waived her right to grand jury presentment. After examining the Defendant, Judge Sison found the aforementioned waiver was knowing and voluntary. Therefore, the United States proceeded by filing an Information against Defendant.

1

In accordance with 28 U.S.C. § 636(b)(1)(C), the parties were given until February 6, 2023, to object to the Report and Recommendation.  That deadline has elapsed without any party filing objections or seeking additional time. Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 11), **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** her guilty of the offense set forth in the Information to which she pled guilty on January 23, 2023. The Court **DIRECTS** the Probation Office to prepare a presentence investigation report. Sentencing shall proceed on **May 23, 2023, at 10:00 A.M**.

## PRESENTENCE PROCEDURES

In anticipation of the sentencing hearing, the Court informs the parties and counsel of the undersigned's sentencing procedures. In addition to the undersigned's preferences, strict compliance with Federal Rule of Criminal Procedure 32 and Southern District of Illinois Local Rule Cr. 32.1 will be required.

Any **objections** to the Presentence Report (PSR), including the Recommended Terms and Conditions of Supervised Release proposed by the Probation Office, must be filed no later than **14 days** after the PSR is docketed in the Case Management/Electronic Case Filing ("CM/ECF") system. **Responses** to objections must be filed no later than **7 days** after objections are received.

If the Government or Defendant believes **additional terms or conditions** of supervision (*i.e.*, terms or conditions not recommended by the Probation Office) are appropriate, it is the responsibility of the prosecutor or defense counsel to file objections

to the Recommended Terms in a manner consistent with the above time limits, to allow opposing counsel sufficient notice and opportunity to thoroughly respond at sentencing.

The parties are encouraged to consult with the probation officer who authored the PSR before filing formal objections to the PSR, in an effort to obtain agreement to revise the report without the necessity of formal objections. Any unresolved objections to the PSR which are subject to a formal objection shall cause the probation officer to prepare an addendum addressing each objection. Objections to the Recommended Terms will be addressed by the Court at sentencing. If there are only minor objections to the Recommended Terms of Supervised Release or none at all, **Defendant and defense counsel may sign a Full or Partial Waiver of the Reading of Terms and Conditions of Supervision. The waiver forms are attached to this Order, and the executed document can be hand-delivered to the courtroom deputy at the time of sentencing.**

**Sentencing memoranda** are strongly encouraged in cases where there is not a joint recommendation regarding an appropriate sentence. Any sentencing memorandum must be filed no later than **14 days** before the sentencing hearing. A response to a sentencing memorandum may be filed no later than **7 days** before the sentencing hearing. Likewise, if either party intends to present testimony at the sentencing hearing, notice of the proposed witnesses, the subject of each witness's testimony, and the projected length of the testimony shall be filed with the Court (and served on opposing counsel) no later than **7 days** before the sentencing hearing. Generally, the Court schedules sentencing hearings for an hour, and this information will allow the Court the opportunity to change

its schedule, if necessary. If extraordinary circumstances make filings inconsistent with these deadlines unavoidable, the Court will consider an appropriate continuance of the sentencing hearing.

Finally, the attorneys are reminded that communications from victims or from supporters of Defendant should be channeled through counsel or probation—not sent directly to the Court.

**SO ORDERED.**

Dated: February 7, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge